UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
ZELOUF INTERNATIONAL CORP.,

       Plaintiff,


   -against-            09 Civ. 1798 (LAK)


KANDY KISS OF CALIFORNIA, INC., et al.,

       Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**MEMORANDUM AND ORDER**


LEWIS A. KAPLAN, *District Judge.*

    This matter is before the Court on the motion of defendant Morex Enterprises, Inc.

("Morex"), to dismiss for lack of personal jurisdiction.


*Facts*

    Briefly stated, the complaint alleges that defendant Kandy Kiss of California, Inc.,

a garment manufacturer, obtained access to plaintiff's copyrighted fabric designs, supplied samples

of those fabrics to Morex for the purpose of having Morex "knock off" the fabric designs, purchased

the infringing fabric from Morex, and used it to manufacture garments, which it sold to defendant

Sears, Roebuck and Co., which in turn sold the goods through its Internet web site.  Plaintiff asserts

claims against all defendants for copyright infringement and unfair competition.

2

*Discussion*

Morex, a corporation organized under the laws of and based in California, claims that it is not subject to personal jurisdiction in this district. Plaintiff asserts jurisdiction over it based on N.Y. CPLR § 302(a), subds. 2 and 3, which, broadly speaking, relate to the assertion of jurisdiction over claims arising out of tortious acts committed within and without the State of New York, respectively.

As an initial matter, CPLR § 302(a), subd. 2, affords no basis for the exercise of personal jurisdiction. There is no suggestion that Morex did anything at all in New York, let alone committed a tort here. That is fatal.[1] The only basis for plaintiff's argument under this subdivision of the statute is the assertion that jurisdiction lies where an out-of-state manufacturer sells a product to another with the expectation that it will be resold in New York.[2] But that simply is incorrect. As Judge McLaughlin wrote in the original Practice Commentaries to CLPR § 302(a), subdivision (a)(2) would be unavailable to an injured plaintiff even "if a New Jersey domiciliary were to lob a bazooka shell across the Hudson River at Grant's Tomb."[3]

Section 302(a), subd. 3, provides for the exercise of personal jurisdiction in regard to a claim arising out of the commission of most tortious acts committed outside New York if the alleged tortfeasor:

---

[1]     *E.g., Davis v. Masunaga Group, Inc.,* 204 F. Supp.2d 657, 658-660 (quoting *Bensusan Rest. Corp. v. King,* 126 F.3d 25, 28 (2d Cir.1997)), *on reconsideration,* 204 F. Supp.2d 665, 666 (S.D.N.Y. 2002).

[2]     Pl. Mem. at 9-10.

[3]     Vincent C. Alexander, 7B McKinney's Consolidated Laws of New York C302:10, at 152 (West Group 2001).

> "(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce . . . "

In this case, Morex's production of allegedly infringing designs constituted tortious acts outside New York within the meaning of the statute.   But the complaint does not allege, and plaintiff has submitted no evidence that, if believed, would show that clause (i) or (ii) is satisfied.   The (assumed) fact that Morex's infringement ultimately injured plaintiff in New York is not sufficient.

### Conclusion

For the foregoing reasons, Morex's motion to dismiss the complaint for lack of personal jurisdiction [docket item 10] is granted.   As it is not clear, however, that plaintiff could not allege and prove facts sufficient to justify the exercise of personal jurisdiction under CPLR § 302(a), subd. 3, plaintiff may amend the complaint no later than May 29, 2009, for the purpose of seeking to do so.   Morex, if so advised, may then move again to dismiss for lack of personal jurisdiction if it is so advised.

SO ORDERED.

Dated:        May 19, 2009

4

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)